ROBERT KYLE *v.* JOHN W. PHILIPS.

1. ATTACHMENT. *Chancery practice   Not necessary to enforce vendor's lien against non-resident.* Attachment is not necessary to the validity of a decree against a non-resident to enforce a vendor's lien upon land for unpaid purchase money under sec. 4357 of the Code. The court acquired jurisdiction of the person by publication, conforming to the requirements of that section, and of the subject matter from the situation of the land within the chancery district.

Case cited: Riley *v.* Nichols, 1 Heis., 16.

Code cited: Sec. 3522.

2. SAME. *Presumption in favor of recitals.* If the record discloses an order of publication, and the decree recites that publication was made conforming thereto, the presumption is that the recitals are true, and that the publication was made as required by law.

FROM HANCOCK.

From the Chancery Court at Sneedville. H. C. SMITH, Chancellor.

F. M. FULKERSON for complainant.

LOGAN and LUCKY and ROGAN and JARVIS for defendant.

NICHOLSON, C. J., delivered the opinion of the court.

Kyle filed his bill against Philips as a non-resident to enforce his lien for unpaid purchase money of a tract of land in Hancock county, and obtained an attachment which was levied on the land. Publication was made in accordance with the requirement of sec. 4357 of the Code, and judgment *pro confesso* taken. On final hearing a decree was rendered for the balance of the purchase money and the land sold. At the sale Kyle bid off the land at price less than the amount of his judgment. The sale was confirmed. Afterwards Kyle filed what is called an amended or supplemental bill, by which he obtained an attachment, and had it levied on another tract of land of Philips', on which there was no vendor's lien, for the purpose of satisfying the balance of his judgment not satisfied by the sale of the first named land. The attachment was levied on the land and publication made as provided; suits commenced by attachment by sec. 3522 of the Code. The defendant appeared and answered, relying for his defense upon the invalidity of the judgment rendered against him in the original bill. The ground upon which the judgment is assailed, is, that the order of publication in that case did not bring defendant into court, because it did not contain the statements prescribed by sec. 3522 of the Code. Under

the case of *Riley* v. *Nichols*, 1 Heis., 16, this objection would be fatal to the judgment but for the fact that the original bill was filed to enforce the vendor's lien, and the issuance of an attachment was unnecessary to give jurisdiction. It was a valid proceeding to enforce the vendor's lien without any attachment, and as the publication was made in pursuance of sec. 4357, the court thereby secured jurisdiction of the person, and the land being situated within the chancery district, the court had jurisdiction also of the subject matter.

The judgment was, therefore, valid. The decree recites that the defendant was regularly before the court by the levy of an attachment and by publication in a newspaper. By reference to the record we find an order of publication properly made. As the Chancellor recites that the defendant was regularly in court by publication in a newspaper, the presumption is that the order was published in the newspaper as directed; otherwise, the publication could not be held by the Chancellor to have been regularly made.

The Chancellor, therefore, erred in dismissing the bill, but as there are other matters set up in the defense which have not been passed upon by the Chancellor, the cause is remanded to be further proceeded in. The costs of this court will be paid by the defendant.